IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.:

EMILY CARPEY and STUART
CARPEY, individually and on behalf
of all others similarly situated,

              Plaintiff,

    -against-

UNIVERSITY OF COLORADO,
BOULDER, through its Board, THE
BOARD OF REGENTS OF THE
UNIVERSITY OF COLORADO, a
body corporate,

            Defendants.

CLASS ACTION COMPLAINT AND JURY DEMAND

### I. INTRODUCTION

1. Plaintiffs Emily Carpey and Stuart Carpey (hereinafter "Plaintiffs"), individually and on behalf of all others similarly situated ("the Putative Class"), bring this class action lawsuit against University of Colorado, Boulder ("Defendant") seeking a refund of certain tuition fees and other costs paid to Defendant for the 2020 Spring Semester.

2. Specifically, as set forth more fully below, Plaintiffs and the Putative Class members contracted with Defendant for certain services, and paid for those services in the form of tuition and other fees. As a result of the closure of Defendant's facility, Defendant has not delivered the services that the Putative Class contracted and paid for.

3. As a result, the Putative Class is entitled to a refund on all tuition and fees for which Defendant has been unable to provide the contracted for services, facilities, access and/or opportunities.

4. Plaintiffs are not suing to recover monies paid by taxes to the University; rather, Plaintiffs file suit against the Board of Regents of The University of Colorado, a corporate body that may be sued, for specific disgorgement of fees and monies paid by students and their parents, guardians, and families for services not received.

## II.  PARTIES

5. The University of Colorado Boulder is part of the University of Colorado system, with its principal administrative offices in Denver, Colorado.  The University of Colorado Boulder is authorized, supervised and funded by the State of Colorado pursuant to the Colorado Constitution and Title 23, Article 20 of the Colorado Revised Statutes.

6. The Board of Regents is the governing body of the University of Colorado Boulder. Upon information and belief, it is composed of nine members and charged with the general supervision of the university and the exclusive control and direction of all funds of and appropriations to the university, unless otherwise provided by law.

7. Plaintiff Emily Carpey is an individual and a resident and citizen of the state of Pennsylvania.

8. Plaintiff Stuart Carpey is an individual and a resident and citizen of the state of Pennsylvania.

## III. JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to the Class Action fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one class member is of diverse

citizenship from one Defendant, there are more than 100 Class members, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

10. This Court has personal jurisdiction over Defendant because Defendant is domiciled in Colorado and conducts business in Colorado.

11. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and because Defendant is a corporate body domiciled and doing business in this district.

## IV. FACTS

12. Plaintiff Emily Carpey is enrolled as a full time student for the spring 2020 academic semester at Defendant's institution.

13. Plaintiff Stuart Carpey is Emily Carpey's father, who paid all or a portion of Emily Carpey's tuition and other fees for the spring semester.

14. Emily Carpey (with financial assistance from Stuart Carpey) is paying full price and out of pocket for all tuition and fees, and is not a recipient of any scholarships or other financial discounts from the Defendant.

15. As a precondition for enrollment, Plaintiffs were required to and did pay tuition, as did all members of the proposed Class.

16. There are hundreds, if not thousands, of institutions of higher learning in this country.

17. Many institutions of higher learning provide curriculum and instruction that is offered on a remote basis through online learning which do not provide for physical attendance by the students.

18. Defendant's institution offers in person, hands on curriculum.

19. Plaintiffs and members of the Proposed Class did not choose to attend another institution

of higher learning, but instead chose to attend Defendant's institution and enroll on an in-person basis.

20. Defendant markets the on campus experience as a benefit of enrollment:



21. The tuition for in person instruction at Defendant's institution cover not just the academic instruction, but encompass an entirely different experience which includes but is not limited to:

    i.    Face to face interaction with professors, mentors, and peers;

    ii.    Access to facilities such as computer labs, study rooms, laboratories, libraries, etc;

    iii.    Student governance and student unions;

    iv.    Extra-curricular activities, groups, intramurals, etc;

    v.    Student art, cultures, and other activities;

    vi.    Social development and independence;

    vii.    Hands on learning and experimentation; and

    viii.    Networking and mentorship opportunities.

22. As a further precondition to enrollment, Plaintiffs were required to and did pay additional mandatory fees in addition to tuition, as did all members of the proposed Class.

23. These mandatory fees include but are not necessarily limited to the following:

    i. Arts and Cultural Enrichment Fee
    ii. Athletic Fee
    iii. Career Services Fee
    iv. Mental Health Resource Fee
    v. Student Activity Fee
    vi. Student Bus & Bike Program Fee
    vii. Student Computing Fee
    viii. Student Health Fee
    ix. Student Information System Fee

24. Each of these additional fees was a required charge to cover the costs of opportunities and services that can only be made available to students while the students are physically present on campus. For example, attendance to athletic events, access to the wellness center and student center, access to mental health counseling, etc.

25. In addition to the tuition and mandatory fees, upon information and belief, Defendant charges optional fees for other activities and services that can only benefit students while students are on campus. Examples include but are not limited to room and board, parking fees, intramural and extra-curricular fees, etc.

26. As a result of the COVID-19 pandemic, Defendant has suspended all in person on-campus activities.

27. As a result of moving all classes to an online, remote access format, Defendant has

effectively barred students from entering campus for the remainder of the spring semester.

28. Although Defendant is still offering some level of academic instruction via online classes, Plaintiffs and members of the proposed Class have been and will be deprived of the benefits of on campus learning as set forth more fully above.

29. Moreover, the value of any degree issued on the basis of online or pass/fail classes will be diminished for the rest of Plaintiff's life.

30. Defendant has announced that it will offer pro-rated refunds or credits for room and board fees.  However, Defendant has specifically refused to refund or credit any portion of tuition, or any of the fees set forth above.

31. Plaintiffs and members of the proposed Class have been and will be deprived of utilizing services for which they have already paid, such as access to campus facilities, and other opportunities.

## V.  CLASS ACTION ALLEGATION

32. Plaintiff brings this action on behalf of herself and as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Class:

> **The Tuition Class:**
>
> All people who paid tuition for or on behalf of students enrolled at the University of Colorado Boulder for the Spring 2020 semester who were denied live in-person instruction and forced to use online distance learning platforms for the last quarter of the 2019-2020 academic year.
>
> **The Fee Class:**
>
> All people who paid fees for or on behalf of students enrolled in classes at the University of Colorado Boulder for the Spring 2020 semester.

33. Excluded from the Classes are The Board of Regents of the University of Colorado and any of their respective members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; and the judicial officers, and their immediate family members, and Court staff assigned to this case. Plaintiffs reserve the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

34. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

35. This action has been brought and may be properly maintained on behalf of the Class proposed herein under Federal Rule of Civil Procedure 23.

    a. **Numerosity: F. R. Civ. P. 23(a)(1)**

36. The members of the Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. Plaintiff is informed and believes there are thousands of members of the Class, the precise number being unknown to Plaintiff, but such number being ascertainable from Defendant's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

    b. **Commonality and Predominance: Fed. R. Civ. P. 23(a)(2)**

37. This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

    i. Whether Defendant accepted money from the putative Class members in exchange for the promise to provide services;

    ii.    Whether Defendant has provided the services for which the putative Class members contracted; and

    iii.    Whether the putative Class members are entitled to a refund for that portion of the tuition and fees that was contracted for services that Defendant has not provided.

    **c. Typicality: Fed. R. Civ. P. 23(a)(3)**

38. Plaintiff's claim is typical of the other Class member's claims because, among other things, all Class members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein.

    **d. Adequacy: F. R. Civ. P. 23(a)(4)**

39. Plaintiff is an adequate Class representative because her interests do not conflict with the interests of other members of the class she seeks to represent. Plaintiff has retained counsel competent and experienced in complex litigation; and Plaintiff intends to prosecute the action vigorously. The Class's interests will be fairly and adequately protected by Plaintiff and her counsel.

    **e. Superiority: F. R. Civ. P. 23(b)(3)**

40. A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for members of the Class to individually seek redress for Defendant's wrongful conduct.

41. Even if Class members could afford individual litigation, the Court system likely could

not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, comprehensive supervision by a single court, and finality of the litigation.

## VI.  FOR A FIRST COLLECTIVE CAUSE OF ACTION
### BREACH OF CONTRACT
**(Plaintiffs and Other members of the Tuition Class)**

42. Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

43. Plaintiffs bring this count on behalf of themselves and other members of the Tuition Class.

44. Through the admission agreement and payment of tuition, Plaintiffs and the Tuition Class members entered into a binding contract with Defendant.

45. As part of the contract, and in exchange for the aforementioned consideration, the Defendant promised to provide certain services, including live in-person instruction in a brick and mortar classroom.

46. Plaintiffs and other members of the Tuition Class fulfilled their end of the bargain when they paid tuition for the Spring 2020 semester.

47. The Defendant has failed to provide those services and has otherwise not performed under the contract as set forth above.

48. The Defendant retained tuition monies paid by Plaintiffs and other members of the Tuition Class, without providing them the benefit of their bargain.

49. The Plaintiffs and the class members have suffered damage as a direct and proximate

result of Defendant's breach, including but not limited to being deprived of the experience and services to which they were promised and for which they have already paid.

50. As a direct and proximate result of Defendant's breach, Plaintiffs and the Class are entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to disgorgement of the difference between the value of one half semester of online learning versus the value of one half semester of live in-person instruction in a physical classroom.

### VII.   FOR A SECOND COLLECTIVE CAUSE OF ACTION
### BREACH OF CONTRACT
### (Plaintiffs and Other Members of the Fee Class)

51. Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

52. Plaintiffs bring this action on behalf of themselves and the other members of the Fee Class.

53. Through the admission agreement and payment of mandatory student fees, Plaintiffs and the Fee Class members entered into a binding contract with Defendant.

54. As part of the contract, and in exchange for the aforementioned consideration, the Defendant promised to provide certain services, including but not limited to student activities, student athletics, and access to campus facilities such as the recreation center, libraries, etc..

55. Plaintiffs and other members of the Tuition Class fulfilled their end of the bargain when they paid fees for the Spring 2020 semester.

56. The Defendant has failed to provide those services and has breached the contracts by

moving classes online, closing most University buildings, and not providing those services for which the fees were intended to pay.

57. The Defendant retained the fee monies paid by Plaintiffs and other members of the Fee Class, without providing them the benefit of their bargain.

58. The Plaintiffs and the class members have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the experience and services to which they were promised and for which they have already paid.

59. As a direct and proximate result of Defendant's breach, Plaintiffs and the Class are entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to disgorgement of the pro-rated, unused amounts of the fees already charged and collected.

### VIII. FOR A THIRD COLLECTIVE CAUSE OF ACTION
### UNJUST ENRICHMENT
### (Plaintiffs and Other members of the Tuition Class)

60. Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

61. Plaintiffs brings this action on behalf of themselves and the other members of the Tuition Class.

62. Plaintiffs and members of the Tuition Class conferred a benefit on Defendant by, *inter alia*, paying tuition in exchange for the promise of live in-person instruction at a physical on-campus location.

63. Defendant has realized this benefit by accepting such payment.

64. Defendant has received this benefit at the expense of the Plaintiffs and other members of

the Tuition Class to which it is not entitled.  Plaintiffs and other members of the Tuition Class paid substantial tuition for live in-person instruction and did not receive the full benefit of the bargain.

65. Defendant has retained this benefit, even though Defendant has failed to provide the services for which the fees were collected, making Defendant's retention unjust under the circumstances.

66. Defendant should be required to disgorge this unjust enrichment.

### IX. FOR A FOURTH COLLECTIVE CAUSE OF ACTION
### UNJUST ENRICHMENT
### (Plaintiffs and Other members of the Fee Class)

67. Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

68. Plaintiffs brings this action on behalf of themselves and the other members of the Fee Class.

69. Plaintiffs and members of the Fee Class conferred a benefit on Defendant by, *inter alia*, paying fees in exchange for the promise of student services and access to and use of campus facilities.

70. Defendant has realized this benefit by accepting such payment.

71. Defendant has received this benefit at the expense of the Plaintiffs and other members of the Fee Class to which it is not entitled.  Plaintiffs and other members of the Fee Class paid these fees and did not receive the full benefit of the bargain.

72. Defendant has retained this benefit, even though Defendant has failed to provide the services for which the fees were collected, making Defendant's retention unjust under the circumstances.

73. Defendant should be required to disgorge this unjust enrichment.

**WHEREFORE**, Plaintiffs, individually and on behalf of members of the Class, pray for certification of the proposed Class, including appointment of Plaintiff's counsel as Class Counsel; together with judgment against Defendant for an amount to be ascertained by the jury at the trial of this action, for all damages, for the cost and disbursements of this action, both pre-judgment and post-judgment interest, attorneys' fees, and for such other and further relief, in law or in equity, as this Court may deem just and proper.

Respectfully Submitted,

**TAUSSIG & SMITH**

    /s/ John Taussig
John G. Taussig III, # 13496 (Colo.)
Scott D. Smith, # 35009 (Colo.)
5377 Manhattan Circle, #203
Boulder, CO 80303

**ANASTOPOULO LAW FIRM, LLC**

    *Motion For Admission Pending*
Eric M. Poulin
Roy T. Willey, IV
32 Ann Street
Charleston, SC 29403
(843) 614-8888

**ATTORNEYS FOR PLAINTIFF(S)**

Charleston, South Carolina
April 15, 2020